**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peirce Eben Andrews | No. CV-20-00610-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial by the Social Security Administration ("SSA") under the Social Security Act ("the Act") of Plaintiff Peirce Andrews's Application for Disability Insurance benefits. It now affirms the Administrative Law Judge's ("ALJ") decision (R. at 37–66).

**I.   BACKGROUND**

On October 24, 2018, Plaintiff filed an application for Disability Insurance benefits alleging disability beginning August 31, 2018. (R. at 40.) Plaintiff's claim was denied initially on January 4, 2019, and on reconsideration on May 6, 2019. (*Id*.) Plaintiff appeared before the ALJ for a hearing on his claim on October 10, 2019. (*Id*.) On November 26, 2019, the ALJ denied Plaintiff's claim and on January 30, 2020, the Appeals Council denied Plaintiff's Request for Review (*Id*. at 1–7, 37–66.)

The Court has reviewed the medical evidence and will discuss the pertinent evidence in addressing the issues raised by the parties. Upon considering the medical

evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: post-traumatic stress disorder (PTSD); major depressive disorder; traumatic brain injury (TBI); obesity; degenerative disc disease/spondylosis/neural foraminal narrowing; degenerative joint disease of the hips; radiculopathy; left rotator tendinitis tear status post repair; obstructive sleep apnea; and migraines. (*Id*. at 43.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from August 31, 2018, through the date of the decision. (*Id*. at 59.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id*. at 43.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"), finding Plaintiff:

> [H]as the [RFC] to perform medium work . . . except frequently balance, stoop, kneel, crouch, and climb ramps and stairs; occasionally crawl; never climb ladders, ropes or scaffolds; occasionally reach overhead with left nondominant upper extremity; tolerate occasional interaction with supervisors, coworkers, and general public; cannot work in jobs requiring supervisory duties over coworkers; and can tolerate occasional changes in the work settings.

(*Id*. at 47.) Accordingly, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (*Id.* at 58.)

## II.   LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is

susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ typically follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III. ANALYSIS

Plaintiff raises two issues for the Court's consideration. First, Plaintiff argues the ALJ erred by rejecting Plaintiff's symptom testimony. (Pl. Br. Doc. 19 at 9-16.) Second, Plaintiff argues that the ALJ erred by discounting medical opinions from his treating physician, Dr. Steven Dirmeyer, and his examining physician, Dr. Michael Rabara. (*Id*. at 16–21.)

The Court rejects Plaintiff's arguments and concludes that substantial evidence supports the ALJ's nondisability determination. Regarding Plaintiff's symptom testimony, the ALJ reasonably discounted his allegations because they were inconsistent with

Plaintiff's inconsistent statements, his activities, and the objective medical evidence. Next, the ALJ reasonably discounted the opinions from Dr. Dirmeyer and Dr. Rabara because they were inconsistent with the treatment records relied on by those doctors and the record as a whole.

### A. The ALJ provided specific, clear, and convincing reasons supported by substantial evidence for discounting Plaintiff's symptom testimony.

Plaintiff argues that the ALJ erred by discounting his symptom testimony. (Pl. Br. Doc. 19 at 9–16.) Plaintiff further argues that this error was not harmless because "limitations congruent with [Plaintiff]'s reported symptoms are facially inconsistent with the ability to sustain work. . . . [Thus, Plaintiff]'s improperly discredited symptom testimony should be an independent reason for this court to exercise its discretion to remand this matter for award of disability benefits." (*Id.* at 15.)

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id.* at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

The Court rejects Plaintiff's arguments and finds that the ALJ provided sufficient reasons supported by substantial evidence for rejecting Plaintiff's allegations of disabling

symptoms. The ALJ rejected Plaintiff's symptom testimony for three primary reasons. First, the ALJ found that Plaintiff's allegations were not fully corroborated by the objective medical evidence. (R. at 48–53.) Second, the ALJ found his allegations were inconsistent with several of his activities before and during the period when Plaintiff alleges disabling symptoms. (*Id.*) Third, the ALJ found that Plaintiff made inconsistent statements regarding his limitations that undermined his allegations. (*Id.*) Each reason was a permissible consideration for the ALJ and is supported by substantial evidence.

The ALJ reasonably determined that Plaintiff's allegations of disabling symptoms were uncorroborated by the medical evidence. This was a permissible consideration, though the ALJ could not rely solely on a lack of medical corroboration to reject Plaintiff's symptom testimony. *Burch*, 400 F.3d at 682. Here, the ALJ cited normal diagnostic imaging, including a cervical MRI revealing only minimal degenerative disc disease, and normal brain MRIS. (R. 17-19 at 813, 17-14 at 1795, 18-18 at 7570, 7575) Some of Plaintiff's exams disclosed normal strength, sensation, and coordination. (*Id.* at 49, 18-16 at 7152, 18-17 at 7330-32). Further, Plaintiff regularly presented in no acute distress, despite the magnitude of impairment he alleges. (*Id.* at 18-15 at 6967, 18-18 at 7658, 18-19 at 7818.) Though, Plaintiff argues his lack of acute distress is meaningless, the ALJ did not err by concluding it was meaningful here given the significant limitations Plaintiff alleges he experiences. (Pl. Br. Doc. 19 at 13–14.) Neuropsychological examinations indicate that Plaintiff has average to above-average cognitive and memory functioning. (R. 17-3 at 51, 17-19 at 2837–39, 18-27 at 4168–71.) Finally, Plaintiff regularly presented with normal mental status, including an appropriate affect. (R. at 52, 17-16 at 1702, 17-16 at 2188, 18-15 at 6898, 18-18 at 7602, 18-19 at 7788, 7818, 7836.) The ALJ reasonably determined these findings undermine Plaintiff's allegations of disabling symptoms, though they could not be, and were not, the ALJ's sole basis for rejecting Plaintiff's allegations.

The ALJ also reasonably determined that Plaintiff's activities and conservative treatment were inconsistent with his allegations of disabling symptoms. The ALJ found that Plaintiff's ability to apply for two jobs during the period before the hearing was

inconsistent with his allegations that he is disabled. (R. 17-3 at 50.) The ALJ also noted that on one occasion during the relevant period Plaintiff reported no issues with daily activities besides reaching. (R. at 50.) Further, the ALJ found that Plaintiff's ability to draft detailed letters and communications related to his VA claims indicate he is not as limited as alleged. (R. at 51.) The ALJ found that Plaintiff's testimony that his wife helps him with the letters was unsupported. (*Id.*) Significantly, the ALJ found that Plaintiff's ability to work and complete activities for many years after the events that he says caused his TBI and PTSD undermines his allegations of disability. (R. at 51–52.) The ALJ also found Plaintiff sought only conservative treatment related to his migraines from his TBI. (R. at 51.) Specifically, the ALJ found Plaintiff's "ability to work at substantial gainful activity levels for many years since the TBI suggests that he has been adequately intact from a cognitive and memory perspective." (R. at 51.) Relatedly, the ALJ found Plaintiff's ability to play sports, obtain multiple degrees, and care for his mother since the traumatic event in 1997 that caused his PTSD and conservative treatment for that impairment undermine his allegations. (R. at 52–53.) Plaintiff argues these activities and his failure to seek treatment for PTSD until 2017 do not undermine his testimony and are irrelevant, since he experienced symptoms after his alleged onset date, (Pl. Br. Doc. 19 at 14.). The Court disagrees. The ALJ was permitted to consider Plaintiff's activities and conservative treatment in determining the veracity of Plaintiff's allegations during the relevant period. Accordingly, substantial evidence supports the ALJ's view that Plaintiff's activities and conservative treatment undermine his allegations.

Finally, the ALJ reasonably discounted Plaintiff's symptom testimony because of inconsistent statements Plaintiff made related to his impairments. During Plaintiff's physical consultative examination, he reported that he did not drive to the examination and could not do any bending or lifting. (R. Doc. 17 at 49, Doc. 17-19 at 2828–29.) During the exam he used a walker and walked with a limp. (*Id.*) However, upon leaving, the consultative examiner saw that when Plaintiff left the examination, he did not walk with a limp, lifted his walker into his car, and drove himself off in a car he previously said was

not his. (*Id*.) The ALJ reasonably concluded that Plaintiff did not explain these inconsistencies at the hearing, and thus, appropriately discounted Plaintiff's allegations. (R. at 50.) Plaintiff argues these inconsistencies do not invalidate all of Plaintiff's testimony. (Pl. Br. Doc. 19 at 13.) And the ALJ did not conclude that they do. In fact, the ALJ incorporated some limitations consistent with Plaintiff's allegations into his RFC. (R. at 47.) Still, the ALJ reasonably discounted Plaintiff's allegations based on his inconsistent statements. Similarly, in October 2018, Plaintiff claimed he fell from a wheelchair while in the hospital, but staff said they did not hear him yelling and that he was walking around just minutes before. (*Id*. 18-18 at 7487–88.) Notably, the ALJ also found that Plaintiff's medical records regularly indicate he was not using a walker and walked with a normal gait, despite his allegations that he always requires one. (*Id*. 17-3 at 48, 17-16 at 2188, 2192, 17-19 at 2837, 18-15 at 7024, 18-17 at 7330-32, 18-18 at 7601, 18-19 at 7754, 7788.) The ALJ reasonably relied on these inconsistencies in discounting Plaintiff's allegations.

In sum, substantial evidence supports the ALJ's rejection of Plaintiff's symptom testimony. The ALJ appropriately relied on the objective medical evidence, Plaintiff's activities and conservative treatment, and his inconsistent statements in rejecting his allegations of disabling symptoms. The provided reasons are specific, clear, and convincing, and supported by substantial evidence.

**B. Substantial evidence supports the ALJ's weighing of the medical opinions from Dr. Dirmeyer and Dr. Rabara.**

Plaintiff argues that the ALJ erroneously rejected Dr. Dirmeyer's treating-physician opinion and Dr. Rabara's examining-physician opinion. Dr. Dirmeyer provided a medical source statement in June 2019, in which he opined to disabling limitations. (*Id*. 17-3 at 55; Pl. Br. Doc. 19 at 21.) Dr. Dirmeyer gave his opinion after only a single visit with Plaintiff, but indicated he reviewed Plaintiff's medical records from the previous year. (R. 18-14 at 6724.) The ALJ found his opinion unpersuasive because the referenced records do not support the opinion, and because it was inconsistent with findings from the physical consultative examination. (Doc. 17-3 at 55.) Dr. Rabara conducted a psychological

consultative examination of Plaintiff and provided an opinion regarding Plaintiff's functional limitations. (*Id.* at 52.) He opined that Plaintiff would "have difficulty working in coordination with others and completing a normal workday at a consistent pace, and in adapting to change, and difficulty responding appropriately to work setting changes." (*Id.* at 55, Doc. 17-19 at 2835–41.) The ALJ found this opinion was unpersuasive. (R. at 55.) However, the ALJ found that Dr. Rabara's opinion that Plaintiff does not have limitations in understanding and memory was persuasive. (*Id.*) He also found that Dr. Rabara's opinion that Plaintiff would have difficulty interacting appropriately with the general public, getting along with coworkers, and responding appropriately to supervisory criticism was persuasive. (*Id.*) The Court concludes that the ALJ's evaluation of Dr. Rabara and Dr. Dirmeyer's opinions is supported by substantial evidence.

Previously, the Ninth Circuit recognized "a hierarchy among the sources of medical opinions." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who treated a claimant were treating physicians, those who examined but did not treat the claimant were examining physicians, and those who neither examined nor treated the claimant were non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). This hierarchy was known as the treating physician rule, which generally afforded greater weight to the opinions of treating physicians. *Orn*, 495 F.3d at 632; *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001), as amended on reh'g (Aug. 9, 2001).

"In March of 2017, The Social Security Administration amended their regulations to abrogate the treating physician rule, among other changes." *Alonzo v. Comm'r of Soc. Sec. Admin.*, No. CV-18-08317-PCT-JZB, 2020 WL 1000024, at *3 (D. Ariz. Mar. 2, 2020) (citing *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844-01, 2017 WL 168819, at *5852–57 (Jan. 18, 2017)). The new regulations apply to claims filed on or after March 27, 2017, and apply to both Disability Insurance benefits and Supplemental Security Income benefits claims. 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical

finding(s), including those from your medical sources."[1] 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

The new regulations require the ALJ to articulate how persuasive each medical opinion is according to several enumerated factors. 20 C.F.R. § 404.1520c(a), (b); § 416.920c(a), (b). Those factors include: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The most important factors in evaluating an opinion's persuasiveness are its supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

Substantial evidence supports the ALJ's weighing of the medical opinions contained in the record. The ALJ reasonably discounted Dr. Dirmeyer's opinion because it lacked specificity and support in the medical evidence. Similarly, the ALJ appropriately discounted some of Dr. Rabara's opinions based on their inconsistency with his exam findings and Plaintiff's activities.

The ALJ reasonably determined that Dr. Dirmeyer's opinion was inadequately explained by his checkbox form or the records supporting his opinion. (R. 17-3 at 55.) Plaintiff argues that the ALJ was not permitted to reject Dr. Dirmeyer's opinion simply because it was in check-box form. (Pl. Br. Doc. 19 at 19.) But the ALJ did not. Instead, the ALJ rejected the opinion because it was inadequately explained, either by the opinion itself, or by the records Dr. Dirmeyer referenced. (*Id.* at 55.) This was a permissible basis for rejecting the opinion. Similarly, Plaintiff argues the ALJ's conclusion that the opinion was insufficiently explained is itself unexplained. (*Id.* at 19.) The Court disagrees. The ALJ explains that Dr. Dirmeyer's opinion is insufficiently explained because it lacks support from the sources Dr. Dirmeyer references. (R. 17-3 at 55.) Nor does Plaintiff indicate any compelling evidence contained in the records that Dr. Dirmeyer reviewed that support his opinion. Additionally, the ALJ reasonably determined that Dr. Dirmeyer's opinion was

---

[1] Plaintiff argues that the Ninth Circuit's rule providing general deference to treating physician opinions is still in effect. (Pl. Br. at 17.) Plaintiff is incorrect. The new regulations eliminate any special deference to treating physician opinions and require the ALJ to evaluate each medical opinion from an equal starting point. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

inconsistent with the findings from Plaintiff's physical consultative examination, including Plaintiff's inconsistent statements regarding his driving and using a walker. (*Id.* at 55, Doc. 17-19 at 2827–29.)

Finally, substantial evidence supports the ALJ's consideration of Dr. Rabara's opinion. The ALJ reasonably determined that Dr. Rabara's opinion that Plaintiff would "have difficulty working in coordination with others and completing a normal workday at a consistent pace, and in adapting to change, and difficulty responding appropriately to work setting changes," is unpersuasive. (*Id.* at 55.) The ALJ concluded that Dr. Rabara's examination results, including Plaintiff's results on intelligence tests, and other evidence do not corroborate those limitations. (*Id.* at 55.) The ALJ also identified Plaintiff's activities prior to the disability onset date as inconsistent with Dr. Rabara's opinion. (*Id.*) Though Plaintiff disagrees, the ALJ reasonably determined that Dr. Rabara's examination findings do not fully corroborate his opinions. (Pl. Br. at 18.) Dr. Rabara found Plaintiff's working memory was a relative strength, and despite some findings supporting the opined-to limitations, the ALJ reasonably concluded that his opinion was ultimately not fully corroborated. (R at 55, 2838–39.) Plaintiff argues that the ALJ inappropriately relied on findings implicating *cognitive* limitations in order to discount Dr. Rabara's opinions regarding *affective* limitations, but the Court disagrees. (Pl. Br. at 14–15, 18.) The ALJ noted that Plaintiff was friendly, cooperative, and joking during Dr. Rabara's exam, which the ALJ could reasonably conclude was inconsistent with his opinions.[2] (R. at 52, 55.) The ALJ also noted that Plaintiff regularly had normal mental statuses at medical appointments. (*Id.* at 53.) Further, the ALJ reasonably found that the limitations were inconsistent with Plaintiff's abilities to carry out significant activities, including work and school, prior to his disability onset date. (*Id.* at 55.) Though Plaintiff argues that Dr. Rabara considered

---

[2] Even if the ALJ had erred by discounting Dr. Rabara's opinions affective impairments with findings related to solely cognitive impairments, such error would be harmless. The ALJ also discounted Dr. Rabara's opinion because of its inconsistency with Plaintiff's activities, so even if the ALJ provided an erroneous reason for rejecting Dr. Rabara's opinions, such error would be inconsequential because of the additional sufficient justification the ALJ provided. R. at 55. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (finding that harmless error principles apply when an error is inconsequential to the ultimate nondisability determination).

Plaintiff's history, and that his activities before his alleged disability period are irrelevant, the Court disagrees. (Pl. Br. Doc. 19 at 18.)  The ALJ was permitted to consider the consistency of Dr. Rabara's opinion with other evidence in the record, and substantial evidence supports the conclusion that his opinion was partially inconsistent with his examination findings and Plaintiff's previous activities.

IV.     **CONCLUSION**

Substantial evidence supports the ALJ's nondisability determination. The ALJ provided specific, clear, and convincing reasons for rejecting Plaintiff's symptom testimony. Further, the ALJ's analysis of Dr. Rabara and Dr. Dirmeyer's opinions is supported by substantial evidence.

**IT IS THEREFORE ORDERED** affirming the November 26, 2019 decision of the Administrative Law Judge (R. Doc 17-3 at 37–66).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and terminate this matter.

Dated this 20th day of September, 2021.

_G. Murray Snow_
Chief United States District Judge